Hazel U. Poei (SBN 214928)
hazel.poei@jacksonlewis.com
Tony P. Zhao (SBN 313328)
tony.zhao@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-04041
Facsimile: (213) 689-0430

Attorneys for Defendants
SUNRISE SENIOR LIVING MANAGEMENT, INC. and
MONICA CHIFAMBA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA AYIOL, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia corporation; MONICA CHIFAMBA, an individual; and DOES 1 through 20, inclusive.<br><br>Defendants. | **DEFENDANT MONICA CHIFAMBA'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441**<br><br>[Filed Concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Declarations of Wendy Sekel and Hazel U. Poei and Exhibits Related Thereto; and Certification and Notice of Interested Parties]<br><br>Complaint Filed: February 23, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JULIA AYIOL AND HER COUNSEL OF RECORD HEREIN**:

PLEASE TAKE NOTICE that Defendant Monica Chifamba ("Chifamba") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

1  Dated: April 22, 2021                      JACKSON LEWIS P.C.

2

3

4                                              By: _____

5                                                 Hazel U. Poei
                                                   Tony P. Zhao
6
                                               Attorney for Defendants
7                                              SUNRISE  SENIOR  LIVING  MANAGEMENT,
                                               INC. and MONICA CHIFAMBA
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MONICA CHIFAMBA'S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. § 1441

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................... 6

II.     VENUE AND STATEMENT OF JURISDICTION .................................. 6

III.    SERVICE ON THE STATE COURT ...................................................... 8

IV.     DIVERSITY OF CITIZENSHIP ............................................................. 8

        Complete Diversity of Citizenship Exists for Properly Joined Defendant ............... 8

        Defendant Chifamba is Fraudulently-Joined and Her Citizenship Cannot

        Defeat Diversity ........................................................................................ 10

V.      AMOUNT IN CONTROVERSY .......................................................... 13

VI.     NO ADMISSION .................................................................................. 14

VII.    CONCLUSION AND REQUESTED RELIEF ...................................... 14

1

# <u>TABLE OF AUTHORITIES</u>

2

**Federal Cases**

3

*Clark v. Chase Home Fin., LLC*
  (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 47295 at *8 ...............................12

4

5

*Hertz Corp. v. Friend*
  (2010) 559 U.S. 77 ...............................................................................9

6

*Ibarra v. Manheim Investments, Inc.*
  (9th Cir. 2015) 775 F.3d 1193 ...............................................................13

7

8

*In re Juul Labs, Inc. Mktg., Sales Practices, & Prods. Liab. Litig.*
  (N.D. Cal. 2020) 2020 U.S. Dist. LEXIS 197766 at *216........................12

9

*Kanter v. Warner–Lambert Co.*
  (9th Cir. 2001) 265 F.3d 853 .................................................................9

10

11

*Kantor v. Wellesley Galleries, Ltd.*
  (9th Cir. 1983) 704 F.2d 1088 ...............................................................9

12

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*
  (C.D. Cal. 2002) 199 F.Supp.2d 993 .....................................................13

13

14

*Kroske v. U.S. Bank Corp.*
  (9th Cir. 2005) 432 F.3d 976 ................................................................13

15

*LeBlanc v. Cleveland*
  (2nd Cir. 2001) 248 F.3d 95 ..................................................................9

16

17

*Lundquist v. Precision Valley Aviation, Inc.*
  (1st Cir. 1991) 946 F.2d 8 ......................................................................9

18

*McCabe v. General Foods Corp.*
  (9th Cir. 1987) 811 F.2d 1336 ..............................................................10

19

20

*Morris v. Princess Cruises, Inc.*
  (9th Cir. 2001) 236 F3d 1061 ...............................................................10

21

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
  (1999) 526 U.S. 344 ..............................................................................8

22

23

*Rippee v. Boston Market Corp.*
  (S.D. Cal. 2005) 408 F.Supp.2d 982 .....................................................13

24

*Scherer v. Equitable Life Assurance Soc'y of the U.S.*
  (2nd Cir. 2003) 347 F.3d 394 ...............................................................13

25

26

*Silicon Knights v. Crystal Dynamics*
  (N.D. Cal. 1997) 983 F.Supp. 1303........................................................11

27

28

DEFENDANT MONICA CHIFAMBA'S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. § 1441

**State Cases**

*Bradstreet v. Wong*
  (2008) 161 Cal.App.4th 1440 ........................................................................... 12

*Martinez v. Combs*
  (2010) 49 Cal.4th 35 ........................................................................................ 12

*Violante v. Communities Southwest Dev. & Constr. Co.*
  (2006) 138 Cal.App.4th 972 ............................................................................. 12

*White v. Ultramar, Inc.*
  (1999) Cal. 4th 563 ........................................................................................... 11

**Federal Statutes**

28 U.S.C. § 1332 ....................................................................................... 6, 9, 13, 14

28 U.S.C. § 1332(c)(1) ...................................................................................... 9

28 U.S.C. § 1391 ................................................................................................ 6

28 U.S.C. § 1441(a) .................................................................................. 6, 9, 14

28 U.S.C. § 1441(b) ...................................................................................... 9, 14

28 U.S.C. § 1446(a) ......................................................................................... 14

28 U.S.C. § 1446(b) ....................................................................................... 6, 8

28 U.S.C. § 1446(d) .......................................................................................... 8

28 U.S.C. § 84(b) .............................................................................................. 6

**State Statutes**

California Civil Code § 3294 ............................................................................ 11

California Labor Code § 1102.5(f) ................................................................... 13

California Labor Code § 2802 ................................................................... passim

California Labor Code § 558.1 ......................................................................... 11

California Labor Code §§ 201-203 ............................................................ passim

Califrnia Labor Code § 558.1 .......................................................................... 11

DEFENDANT MONICA CHIFAMBA'S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. § 1441

# I.    INTRODUCTION

Defendant Monica Chifamba ("Chifamba") removes this case to this Court based on diversity jurisdiction.  The amount in controversy, as explicitly alleged in Plaintiff's Complaint, far exceeds $75,000.00.  Plaintiff, a citizen of California, and Defendant Sunrise Senior Living Management, Inc. ("Sunrise"), her former employer and a citizen of Virginia, are citizens of different states.  Importantly, for purposes of this Notice, the Court must disregard the California citizenship of Chifamba in the diversity analysis because Plaintiff fraudulently joined Chifamba as an individual.  Fraudulent joinder exists because all of Plaintiff's claims against Chifamba, namely her tenth cause of action for failure to indemnify in violation of California Labor Code § 2802, eleventh cause of action for unfair competition in violation of California Business and Professions Code § 17200, and twelfth cause of action for waiting time penalties in violation of California Labor Code §§ 201-203, fail to state a claim against Chifamba. Co-Defendant Sunrise consents to this removal pursuant to 28 U.S.C. § 1446(b). (*See* Declaration of Wendy Sekel ("Sekel Decl."), ¶ 8.)

# II.    VENUE AND STATEMENT OF JURISDICTION

1.    This action was filed in the Superior Court of the State of California in and for the County of Los Angeles. Therefore, venue properly lies in the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 84(b), 1391 and 1441(a).

2.    This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332. The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

3.    On February 23, 2021, Plaintiff Julia Ayiol ("Plaintiff") filed a civil complaint against Defendants Sunrise and Chifamba ("Defendants") in the Superior Court of the State of California in and for the County of Los Angeles entitled *Julia Ayiol v. Sunrise Senior*

*Living Management, Inc.; Monica Chifamba, et al.,* Case No. 21STCV07203 ("Complaint"). Plaintiff's Complaint sets forth twelve causes of action: (1) discrimination in violation of California Government Code § 12940 *et seq.*; (2) retaliation in violation of California Government Code § 12940 *et seq.*; (3) failure to prevent discrimination and retaliation in violation of California Government Code § 12940(k); (4) failure to provide reasonable accommodations in violation of California Government Code § 12940 *et seq.*; (5) failure to engage in interactive process in violation of California Government Code § 12940 *et seq.*; (6) declaratory judgment; (7) wrongful termination in violation of public policy; (8) retaliation in violation of California Labor Code § 98.6; (9) retaliation in violation of California Labor Code § 1102.5; (10) failure to indemnify in violation of California Labor Code § 2802; (11) Unfair Competition in violation of California Business and Professions Code § 17200 *et seq*; and (12) Waiting Time Penalties (California Labor Code §§ 201-203). Plaintiff's causes of action Nos. 1-10 are asserted against Sunrise only; Plaintiff's causes of action Nos. 10-12 are asserted against both Sunrise and Chifamba (Declaration of Hazel U. Poei ("Poei Decl."), ¶ 2 and Exhibit **A** attached thereto.)

4.      A true and correct copy of Plaintiff's Complaint (including Summons), which was served on Sunrise via personal service on March 11, 2021 is attached as Exhibit A to the Poei Declaration, ¶ 2. A true and correct copy of Plaintiff's Notice of Acknowledgement and Receipt, which Defendants' counsel executed on behalf of Chifamba on April 16, 2021, is attached as Exhibit **B** to the Declaration of Hazel Poei, ¶ 3.

5.      On February 25, 2021, the Los Angeles County Superior Court set a Case Management Conference and an Order to Show Cause hearing for July 26, 2021 at 8:30 am. (Poei Decl., ¶ 4 and Exhibit **C** attached thereto.)

6.      On April 5, 2021, Plaintiff's counsel confirmed an extension to and through April 23, 2021 for Sunrise to respond to the Complaint. (Poei Decl., ¶ 5.)

7.      On April 14, 2021, Sunrise filed its Answer. (Poei Decl., ¶ 6 and Exhibit **D** attached thereto).

8.      On April 20, 2021, Chifamba filed her Answer. (Poei Decl., ¶ 7 and Exhibit **E** attached thereto).

9.      This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 354 (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period).  Furthermore, "if defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to the removal."  28 U.S.C. § 1446(b).  Plaintiff served the Summons and Complaint on Sunrise via personal service on March 11, 2021, and on Chifamba via Notice and Acknowledgement of Receipt on April 15, 2021. (Poei Decl., ¶ 2 and Exhibit **A** attached thereto).  This Notice of Removal is filed on April 21, 2021, within 30 days from the date of service on Chifamba (the later-served defendant) and therefore is timely under 28 U.S.C. § 1446(b).

10.     Pursuant to 28 U.S.C. § 1446(b), Sunrise consents to co-Defendant Chifamba's removal of this civil action to this Court. (Sekel Decl., ¶ 8).

### III.    SERVICE ON THE STATE COURT

11.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

### IV.    DIVERSITY OF CITIZENSHIP

### Complete Diversity of Citizenship Exists for Properly Joined Defendant

12.     This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

1 | 2 | 3 ... (line numbers)

$75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . .” *See* 28 U.S.C. § 1332 (a).

13.   “Any civil action” commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendants must be “citizens” of different states; and (2) the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332.

14.   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.00, as discussed below.

15.   For diversity purposes, a person is a “citizen” of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, LeBlanc v. Cleveland* (2nd Cir. 2001) 248 F.3d 95, 100 (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.* (1st Cir. 1991) 946 F.2d 8, 10. A person’s domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

16.   Here, Plaintiff at all times relevant to her Complaint resided in the County of Los Angeles, California and therefore is a citizen of the State of California. (*See* Plaintiff’s Complaint, ¶ 2, attached as Exhibit A to Poei Decl., ¶ 2).

17.   For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State where it has been incorporated and of the State where it has its “principal place of business.” *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-99, “the phrase ‘principal place of

DEFENDANT MONICA CHIFAMBA’S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. § 1441

business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

18.     Here, Sunrise is a Virginia corporation, with its principal place of business at 7902 Westpark Drive, McLean, Virginia. (*See* Sekel Decl., ¶ 3.) Sunrise's headquarters and corporate offices are located in Virginia. *Id.*

19.     Plaintiff has named as Defendants DOES 1 through 20.  For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (b).

20.     Accordingly, there is complete diversity between Plaintiff, a citizen of California, and Sunrise, a citizen of Virginia. Sunrise consents to this removal. (Sekel Decl., ¶ 8).

## <u>Defendant Chifamba is Fraudulently-Joined and</u>
## <u>Her Citizenship Cannot Defeat Diversity</u>

21.     Although Plaintiff names Chifamba as an individual defendant and Chifamba is a California resident, Chifamba cannot defeat diversity because she is a fraudulently-joined individual.  *Morris v. Princess Cruises, Inc.* (9th Cir. 2001) 236 F3d 1061, 1067. Chifamba is a fraudulently-joined individual because Plaintiff's Complaint fails to state a cause of action against Chifamba, and the failure is obvious according to the settled law of California. *Morris,* 236 F.3d at 1067 (a defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state"); *see also, McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339.  In *Morris,* the Court affirmed the dismissal of a fraudulently-joined individual defendant, where there was no evidence that plaintiff could succeed in a negligent representation claim against the defendant. *Morris,* 236 F.3d at 1067-68.

22.     Plaintiff asserts three causes of action against Chifamba: the tenth cause of action for failure to indemnify in violation of California Labor Code § 2802; the eleventh

cause of action for unfair competition in violation of California Business and Professions Code § 17200; and the twelfth cause of action for waiting time penalties in violation of California Labor Code §§ 201-203.

23.    Plaintiff's tenth cause of action for failure to indemnify in violation of California Labor Code § 2802 and twelfth cause of action for waiting time penalties in violation of California Labor Code §§ 201-203 both fail to state a claim against Chifamba, because – at all relevant times –  Chifamba has never been an owner, director, officer, or managing agent of Sunrise.  (*See* Sekel Decl., ¶ 7.)  At all relevant times, Chifamba has been an Assisted Living Coordinator at the Sterling Canyon facility operated by Sunrise.  (*See* Sekel Decl., ¶ 7.)  Pursuant to California Labor Code  § 558.1, only " an employer or other person acting on behalf of an employer" may be held liable as the employer for violations of § 203 or § 2802; "other person acting on behalf of an employer" is further defined as "an owner, director, officer or managing agent of the employer," and has the same meaning as "managing agent" under California Civil Code § 3294.  Cal. Lab. Code § 558.1.  In turn, "managing agents" under California Civil Code § 3294 are defined as employees who exercise substantial discretionary authority over decisions **that ultimately determine corporate policy**. *White v. Ultramar, Inc.* (1999) Cal. 4th 563, 576. ("supervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees").  At all relevant times, Chifamba has had no responsibility or authority to determine corporate policy of Sunrise, and thus, cannot be held individually liable under California Labor Code §§ 201-203, 558.1, or 2802. (*See* Sekel Decl., ¶ 7.)

24.    Additionally, because Plaintiff's tenth and twelfth causes of action against Chifamba both fail to state a claim, there is no underlying basis for the unfair competition claim under California Business and Professions Code § 17200 alleged against her.  *Silicon Knights v. Crystal Dynamics* (N.D. Cal. 1997) 983 F.Supp. 1303,1316 (finding that "[s]ince most of Plaintiff's causes of action fail to state claims for relief against Individual

Defendants, there is no underlying basis for the unfair competition claims as alleged against these Defendants."); *see also*, *Clark v. Chase Home Fin., LLC* (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 47295 at *8 (citing *Violante v. Communities Southwest Dev. & Constr. Co.* (2006) 138 Cal.App.4th 972, 980). Moreover, California Business & Professions Code § 17200 provides for restitution; here, Chifamba did not unlawfully take anything belonging to Plaintiff, i.e., withholding of wages or not reimbursing her for business expenses. *Bradstreet v. Wong* (2008) 161 Cal.App.4th 1440, 1459, 1461 (restitution is available where "a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest"; defendant must have "directly and actively participated in an unfair business practice"), abrogated on other grounds in *Martinez v. Combs* (2010) 49 Cal.4th 35. Chifamba was not Plaintiff's employer; Plaintiff did not work for Chifamba personally; and Chifamba did not misappropriate corporate funds that should have been used to pay Plaintiff's wages or reimburse her for business expenses. *Id.* at 1460. Hence, the duty to pay wages and reimburse business expenses flows from Sunrise only, not Chifamba. *Id.*; *see also, In re Juul Labs, Inc. Mktg., Sales Practices, & Prods. Liab. Litig.* (N.D. Cal. 2020) 2020 U.S. Dist. LEXIS 197766 at *216; *Clark,* 2008 U.S. Dist. LEXIS 47295 at *8 (individual manager may not be held liable for company's failure to pay overtime wages).

25.    For all the above reasons, all of Plaintiff's individual claims against Chifamba, namely the tenth cause of action for failure to indemnify in violation of California Labor Code § 2802, the eleventh cause of action for unfair competition in violation of California Business and Professions Code § 17200, and the twelfth cause of action for waiting time penalties in violation of California Labor Code §§ 201-203, fail as a matter of law; and Chifamba's citizenship shall be disregarded for diversity purposes.

/ / /

/ / /

/ / /

/ / /

## V.    **AMOUNT IN CONTROVERSY**

26.    This Court has jurisdiction over this case because the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  28 U.S.C. § 1332 (a).

27.    "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197. "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.*  In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001.  The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe.  *Rippee v. Boston Market Corp.* (S.D. Cal. 2005) 408 F.Supp.2d 982, 986, citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.* (2nd Cir. 2003) 347 F.3d 394, 399 (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). The amount in controversy includes the "amount of damages in dispute, as well as attorney's fees," and the Court may consider damages awards in similar cases.  *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.

28.    Here, Plaintiff's complaint explicitly alleges at least the following amount of damages: at least $50,000.00 for "special damages, including a money judgment representing compensatory damages for lost wages, earnings, commissions, retirement benefits, other employee benefits, all other sums of money, and pre-judgment interest on these amounts;" at least $10,000.00 for "a civil penalty pursuant to Labor Code § 1102.5(f);" at least $50,000.00 for general damages, including for mental pain and anguish and emotional distress;" $10,000.00 for "a civil penalty pursuant to Labor Code § 98.6(b)(3);" at least $10,000.00 for "a civil penalty pursuant to Labor Code § 1102.5(f); and at least $3,304.80 for "waiting time penalties" pursuant to Labor Code  §§ 201-203.

These damages add up to at least **$133,304.80**, which far exceeds the jurisdictional amount of $75,000.00 under 28 U.S.C. § 1332 (a).

## VI.   NO ADMISSION

29.    Defendants do not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor do they concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

36.    The undersigned counsel for Defendants has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## VII.   CONCLUSION AND REQUESTED RELIEF

37.    For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendants respectfully request that this Court proceed with this matter as if it had been originally filed herein.


Dated: April 22, 2021                    JACKSON LEWIS P.C.


By:    _____
          Hazel U. Poei
          Tony P. Zhao

          Attorney for Defendants
          SUNRISE  SENIOR  LIVING  MANAGEMENT,
          INC. and MONICA CHIFAMBA

4845-7764-5030, v. 9

DEFENDANT MONICA CHIFAMBA'S NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. § 1441