UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:21-cv-03457-SB-AFM | Date: | June 22, 2021 |

Title: *Julia Ayiol v. Sunrise Senior Living Management, Inc., et al.*

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER ON MOTION TO REMAND (Dkt. No. 12)

This wrongful termination case was brought by Plaintiff against Defendants Sunrise Senior Living Management, Inc. (Sunrise), Plaintiff's former employer, and Monica Chifamba (Chifamba), Plaintiff's former supervisor at Sunrise. Chifamba removed the case from Los Angeles Superior Court on April 22, 2021 with Sunrise's consent. Dkt. No. 1, Notice of Removal (NOR). Plaintiff then filed the instant motion to remand this case. Dkt. No. 12, Motion. Defendants oppose the Motion. Dkt. No. 15, Opposition. Because Defendants have not properly demonstrated fraudulent joinder, the Court grants the Motion.

## DISCUSSION

### A. Legal Standard

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id.* § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in

controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). In attempting to discharge this burden, the removing party must remember that there is a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (relying on this "strong presumption" in evaluating the dearth of evidence adduced by the removing party) (internal quotation omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

B. **Analysis**

Plaintiff argues that remand is appropriate here because—in her view—Chifamba failed to establish: (1) that Sunrise is not a California citizen; (2) that the amount in controversy exceeds the $75,000 jurisdictional threshold; and (3) that Chifamba was actually a fraudulently joined defendant. The Court addresses each of these arguments in turn.

1. **The NOR Established Sunrise's Virginia Citizenship.**

As to the contention that Chifamba failed to properly establish Sunrise's citizenship, the NOR and the supporting declaration establish that Sunrise is a Virginia citizen. NOR ¶ 18; *see* Dkt. No. 5, Declaration of Wendy Sekel (Sekel Decl.) ¶ 3 ("[Sunrise] is a Virginia corporation with its central office and principal place of business at 7902 Westpark Drive, McLean, Virginia").

Plaintiff's argument that the "[r]emoval papers failed to set forth any admissible evidence to establish that [Sunrise] is not a Citizen of California" (on the grounds that the Sekel Declaration is inadmissible hearsay[1]), Mot. at 1, 8-10, fails. A removing defendant's allegations of citizenship may be based on "information and belief" and "need not contain evidentiary submissions." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). This argument further fails because it is purely a facial challenge; Plaintiff does not provide any contrary evidence suggesting that Sunrise is actually a citizen of California. *See Coronel v. Ford Motor Co.*, 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) ("absent a factual challenge, allegations that the plaintiff is a citizen" of a given

---

[1] Plaintiff's boilerplate evidentiary objections to statements made in witness declarations (Dkt. Nos. 13 and 18) are overruled.

state "are sufficient"). As Plaintiff lodges no factual challenge, Chifamba satisfied her burden to establish Sunrise's Virginia citizenship on removal.

### 2. The Complaint Established the Amount in Controversy.

With respect to Plaintiff's argument that the amount in controversy was not sufficiently established, Plaintiff's own pleading clearly makes a demand for damages in excess of $75,000. Dkt. No. 4-1, Compl., Prayer for Relief ¶¶ 1-5 (seeking no less than $50,000.00 in special damages, no less than $50,000.00 in general damages, a civil penalty pursuant to Labor Code § 1102.5(f) of no less than $10,000.00, a civil penalty pursuant to Labor Code § 98.6(b)(3) of $10,000.00, and waiting time penalties pursuant to Labor Code §§ 201-203 in the amount of no less than $3,304.80). Because an amount in controversy is clearly stated in the Complaint, Chifamba need not establish anything further. *C.f. Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). That Plaintiff now contends that her own pleading is "only speculative and uncertain" (Mot. at 10) is of no moment. "By choosing to overplead in [her] complaint, plaintiff has chosen to accept the risk that [s]he will plead [her]self into federal court." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). The amount in controversy is clear from the face of the Complaint, and Chifamba has therefore satisfied her burden on removal.

### 3. Chifamba Has Not Established Fraudulent Joinder.

The sole remaining question is whether Chifamba—a California citizen by her own admission—was fraudulently joined in this action to defeat diversity. "Removal based on a court's diversity jurisdiction is proper, despite the presence of a non-diverse defendant, where that defendant is fraudulently joined—also known as a sham defendant." *Garcia v. Consol. Disposal Servs., L.L.C.*, 2018 WL 2228190, at *2 (C.D. Cal. May 14, 2018). "If the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state, the joinder is considered fraudulent, and the party's citizenship is disregarded for purposes of diversity jurisdiction." *Id.* (citations and internal quotations omitted). But there is a "presumption against finding fraudulent joinder," and if there is a "non-fanciful possibility" that a plaintiff could state a claim against a non-diverse defendant, "the court must remand." *Id.* (citations omitted).

A defendant seeking removal "is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citation omitted). To that end, questions of fraudulent joinder "may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation omitted). But fraudulent joinder must be proven by "clear and convincing evidence," and the defendant "bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder." *Copeland v. PNC Bank, N.A.*, 2019 WL 2713233, at *4 (D. Haw. June 28, 2019). And while the Court may pierce the pleadings to resolve such a case, the Ninth Circuit has held that "a denial, even a sworn denial, of allegations does not prove their falsity." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 551 (9th Cir. 2018) (declining to find fraudulent joinder where the defendant alleging fraudulent joinder submitted an affidavit denying the allegations in the complaint).

Here, Chifamba contends that the Complaint fails to properly state any cause of action against her. The only non-derivative claims brought against Chifamba are for failure to indemnify in violation of California Labor Code § 2802 and for waiting time penalties pursuant to California Labor Code §§ 201-203. Such claims can only be asserted against an individual defendant who is an "owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1. A "managing agent" is defined as an "employee [who] exercised substantial discretionary authority over significant aspects of a corporation's business." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 577 (1999). "[S]upervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees." *Id.*

Plaintiff alleges that Chifamba "was an owner, director, officer, or managing agent of Defendant SUNRISE, therefore her acts or omissions are imputed to her under the A Fair Day's Pay Act." Compl. ¶ 6. Chifamba denies this allegation. She claims that "at all relevant times [she has] never been an owner, director, officer, or managing agent of Sunrise." NOR ¶ 23. In support of this contention, Chifamba states that she has "no responsibility or authority to determine corporate policy"; "do[es] not draft, modify, participate in decision-making regarding, or in any way determine or influence, the actual corporate policies of [Sunrise]"; "do[es] not make final determinations or exercise discretion with respect to the hiring or termination of employees"; "do[es] not make any decisions or exercise any

discretion with respect to requests for reimbursement of business expenses"; and "do[es] not make decisions or exercise discretion with respect to the processing of a departing employee's final paycheck upon notification that an employee is separating from [Sunrise]." Dkt. No. 15-2, Chifamba Decl. ¶¶ 4, 6-8. In her position as Assisted Living Coordinator, Chifamba works at a single Sunrise facility. She oversees the care of only some of that facility's residents (specifically, those living in the Assisted Living Neighborhood) and supervises the caregivers who work with those residents. *Id.* ¶ 5.

Based on Chifamba's declaration, it appears that she is not responsible for a "significant aspect of [Sunrise's] business." *White*, 21 Cal. 4th at 577. But even if this sworn denial undermines the allegation that Chifamba is a managing agent of Sunrise, Plaintiff seeks leave to amend her pleading "to add additional factual allegations demonstrating that Chifamba is a managing agent." Mot. at 11-12. Defendants do not oppose this request. The lack of opposition flies in the face of the standard and burden applicable to the Motion. The Ninth Circuit has stated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC*, 889 F.3d at 548 (citation omitted). Moreover, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. Defendants' failure to oppose or even address the amendment request leaves the Court to conclude that it would not necessarily be futile to allow it—which means there is a possibility that Plaintiff can adequately allege that Chifamba is a managing agent. At a minimum, the failure to oppose the request or argue its futility means that Defendants have not carried their "heavy burden" to show that removal is proper because Chifamba has been fraudulently joined.

## CONCLUSION

Though Plaintiff's challenges to the NOR with respect to the amount in controversy and Sunrise's citizenship are without merit, Chifamba has not shouldered her heavy burden to demonstrate that she was fraudulently joined. Accordingly, Plaintiff's Motion is **GRANTED**. The Court remands this case to Los Angeles Superior Court.